UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY DELMAR PETERS,

    Petitioner,

v.

    Case No. 1:06-cv-880

    Hon. Janet T. Neff

THOMAS K. BELL,

    Respondent.
_____/

**MEMORANDUM ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is now before the court on petitioner's "motion for stay and abeyance" (docket no. 15).

**I.**    **Background**

On October 27, 2003, petitioner pled guilty to two counts of armed robbery and was sentenced to 15 to 30 years imprisonment. *See* Amended Petition (docket no. 12). Both the Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's applications for leave to appeal the plea. *People v. Peters*, No. 259465 (Mich. App. March 3, 2005); *People v. Peters*, No. 128324 (Mich. Sept. 28, 2005). Petitioner filed his petition for writ of habeas corpus on December 15, 2006.[1]

In his present motion, petitioner seeks a stay and abeyance so that he can exhaust the second issue raised in his habeas petition:

---

[1] Petitioner had an additional 90 days, or until December 27, 2005, in which to seek a writ of certiorari from the United States Supreme Court, *see* 28 U.S.C. § 2101(c), before the statute of limitations began to run for filing his petition for writ of habeas corpus, but he chose not to do so.

      II.      Asking for a stay and abeyance. Petitioner was not allowed to dismiss his previously retained counsel and retain new [counsel] of his choice, even after current counsel agreed that there was a breakdown in their relationship.

*See* docket nos. 12, 15.

### II.    Discussion

Petitioner acknowledges he has not exhausted the issue of his choice of retained counsel. He asserts that he failed to do so because the claim only became a viable issue when the Supreme Court announced a new rule in *United States v. Gonzalez-Lopez*, -- U.S. --, 126 S. Ct. 2557 (2006), specifically, that a criminal defendant's Sixth Amendment right to counsel was violated when the trial court erroneously deprived the defendant of his retained counsel of choice. *Gonzalez-Lopez,* 126 S. Ct. at 2562-64. Petitioner now seeks to stay the proceedings while he exhausts this issue in state court.

A district court has the discretion to stay a habeas corpus proceeding "in limited circumstances." *Rhines v. Weber*, 544 U.S. 268, 277 (2005). The Supreme Court indicated in *Rhines* that the "stay and abeyance" procedure may be employed when the petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims. *Id.  See Poindexter v. Mitchell*, 454 F.3d 564, 570 fn. 2 (6th Cir. 2006) ("courts now have discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state court, and then return to federal court"). However, the court should not utilize the "stay and abeyance" procedure frequently since doing so undermines the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), that is, to encourage finality and streamline the federal habeas proceedings. *Id.* "Because granting a stay effectively excuses a petitioner's failure to present his claims first to

the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Petitioner's assertion does not establish good cause for failing to exhaust this claim, because he cannot base his § 2254 collateral attack on the new rule announced in *Gonzalez-Lopez*. The Supreme Court issued the *Gonzalez-Lopez* decision on June 26, 2006, approximately nine months after petitioner's conviction became final. While *Gonzalez-Lopez* announced a new rule of constitutional law, a new rule does not retroactively apply to collateral proceedings unless it is substantive (i.e., "places a class of private conduct beyond the power of the State to proscribe") or is a "watershed rule" of criminal procedure "implicating the fundamental fairness and accuracy of the criminal proceeding"). *See Saffle v. Parks*, 494 U.S. 484, 495 (1990). These questions were satisfactorily resolved in an opinion authored by the Seventh Circuit, which held that the new rule announced in *Gonzales-Lopez* does not apply retroactively to a petitioner's § 2254 claim because the rule is neither substantive nor a "watershed rule" of criminal procedure. *See Rodriguez v. Chandler*, 492 F.3d 863, 866 (7th Cir. 2007) (the rule in *Gonzalez-Lopez* does not fit into either category under *Saffle*: it does not insulate any conduct from criminal punishment; it is not a "watershed" equivalent to *Gideon v. Wainwright*, 372 U.S. 335 (1963); and, it does not protect the "fundamental fairness and accuracy of the criminal proceeding").

## Conclusion

Petitioner's motion for stay and abeyance (docket no. 15) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 8, 2007                                /s/ Hugh W. Brenneman, Jr.
                                                                                HUGH W. BRENNEMAN, JR.
                                                                                United States Magistrate Judge