UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HENRY PETERS,

    Petitioner,

v.

Case No. 1:06-cv-880
Hon. Janet T. Neff

BLAINE C. LAFLER,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

    Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.    Background**

    This case arises from a series of robberies and sexual assaults that occurred on May 16, 2002. After a preliminary examination held on June 26, 2003, petitioner was bound over on nine charges involving six different victims: Counts 1 and 2 (armed robbery, M.C.L. § 750.529); Counts 3, 4, 5 and 6 (assault with intent to rob while armed, M.C.L. § 89); Counts 7 and 8 (first degree criminal sexual conduct, M.C.L. § 750.520b); and Count 9 (felony firearm, M.C.L. § 750.227b). Prel. Exam Trans. at 233-38 (docket no. 28). The parties entered into a plea agreement, under which petitioner would plead guilty to armed robbery as charged in Counts 1 and 2, in exchange for the dismissal of Counts 3, 4, 5, 6, 7, 8 and 9. Plea Trans. at 20-21 (docket no. 29). In addition, the

parties entered into a *Killebrew* agreement, which provided that petitioner would serve a minimum term of 15 years in prison and a maximum term of no more than 30 years. *Id.*[1]

On October 27, 2003, the day on which his trial was scheduled, petitioner pled guilty to armed robbery as charged in Counts 1and 2 (M.C.L. § 750.529). *See* Plea Trans. Before pleading guilty, however, petitioner sought to have his attorney (Mr. Mahjoory) withdraw and to adjourn the trial. *Id.* at 3-17. The court denied petitioner's request after noting that the jurors and witnesses were waiting for the trial to commence, that there did not appear to be any basis for the withdrawal and that petitioner made a similar motion prior to the preliminary examination which resulted in the withdrawal of his first attorney. *Id.*

At his sentencing on December 3, 2003, petitioner again sought to have Mr. Mahjoory withdraw as counsel. Sent. Trans. at 3-14 (docket no. 30). Petitioner also moved to withdraw his guilty plea and adjourn his sentencing. *Id.* The court denied both motions. *Id.* at 13-14. At sentencing, the court found that although petitioner had no prior convictions other than one misdemeanor, this was "just a very horrible crime" and the probation officer's report indicated that petitioner was "a serious threat to the community." *Id.* at 14. Consistent with the *Killebrew* agreement, the court sentenced petitioner to a term of 15 years to 30 years imprisonment. *Id.* at 13-14.

Petitioner, through counsel, filed an application for leave to appeal to the Michigan Court of Appeals, raising one issue:

---

[1] A "*Killebrew* Agreement" has been defined as follows: "When the prosecutor and a defendant enter into a binding agreement regarding the disposition of sentence, the trial court may not deviate from the agreement without first allowing the defendant to withdraw his guilty plea. *People v. Killebrew*, 416 Mich. 189, 207; 330 NW2d 834 (1982)." *People v. Sizer*, No. 219177, 2000 WL 33395249 at *1 (Mich. App. Dec. 12, 2000).

> Should the trial judge have granted [petitioner's] pre-sentence motion
> to withdraw his guilty plea?

Application for leave (docket no. 32). The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *People v. Henry Delmar Peters*, No. 259465 (Mich. App. March 3, 2005). Petitioner raised the same issue in his pro per application for leave to appeal to the Michigan Supreme Court, which the court denied. *People v. Henry Delmar Peters*, No. 128324 (Mich. Sept. 28, 2005).

In his amended habeas petition, Peters raised two issues:

I. The trial judge should have granted [petitioner's] pre-sentence motion to withdraw his guilty plea.

II. Asking for a stay and abeyance.

Amended Pet. (docket no. 12).

The court previously considered and rejected petitioner's request for a stay and abeyance. *See* Order (Nov. 8, 2007) (docket no. 22). The sole issue remaining on the amended habeas petition is whether the trial court should have granted petitioner's motion to withdraw his guilty plea.

**II.  Standard of review under 28 U.S.C. § 2254**

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981);

*Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Petitioner has met the exhaustion requirement with respect to the state law claims raised in Issue I. However, petitioner has not exhausted his new argument that his plea was coerced. *See* discussion, § III.B., *infra*.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

4

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### III.    Discussion

#### A.    Petitioner's state law claim is not cognizable on federal habeas review

Petitioner did not raise a federal constitutional challenge to the trial judge's decision denying his motion to withdraw the guilty plea. Rather, petitioner alleged that the trial judge should have allowed him to withdraw the guilty plea pursuant to MCR 6.310(B), a state court rule which provides that "the court in the interest of justice may permit an accepted plea to be withdrawn before sentence is imposed unless withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea." *See* docket nos. 31 and 32. In his state court appeals, petitioner contended that the trial judge abused her discretion by failing to allow the withdrawal of the plea under MCR 6.310(B). *Id.*

Petitioner's claim did not raise a federal constitutional issue cognizable under § 2254. As the court explained in *Mingo v. Michigan*, No. 5:06-cv-33, 2007 WL 3346464 (W.D. Mich. Nov. 7, 2007):

> Petitioner's claim of error under Michigan Court Rule 6.310 does not state a ground for habeas corpus relief. That court rule allowed the trial court "in the interests of justice," to allow a guilty plea to be withdrawn before sentencing. Mich. Ct. R. 6.310(B) (1989 version). The decision whether to allow withdrawal of a guilty plea is a matter of trial court discretion. *See People v. Wilhite*, 240 Mich.App. 587, 618 N.W.2d 386, 389 (Mich.Ct.App.2000). Habeas corpus relief is available, however, only if a petitioner is held in state custody in violation of the federal Constitution or laws. 28 U.S.C. § 2254(a). The federal courts have no power to intervene on the basis of a perceived error of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The state trial court's exercise

5

of discretion under Rule 6.310 frames a pure issue of state law, unreviewable in habeas corpus. The Sixth Circuit has squarely held that a state defendant has no due process right to withdraw an otherwise valid guilty plea. *Carwile v. Smith*, 874 F.2d 382, 385-86 (6th Cir.1989).

*Mingo*, 2007 WL 3346464 at *8. For this reason, petitioner's claim should be denied.

### B. Petitioner's unexhausted allegations of a coerced plea are without merit

In his amended petition, Peters attempts to expand his claim by arguing that his plea was not valid:

> The plea was effectively coerced. The trial judge in effect coerced a guilty plea by refusing to allow Petitioner, a novice in the felony courts, an adjournment to find counsel of his choosing. Petitioner was thus forced to make a Hobson's choice between standing trial with a trial lawyer not of his choosing or pleading guilty to a crime to which he wished to offer a defense. The coercive effect of the judge's ruling was borne out by the [difficulty] Petitioner had supplying a factual basis for the crime, as evidenced by the tears both the prosecutor and defense watched.

Amend. Pet. at p. 6. This new "coercion" argument was not raised in the state courts and is unexhausted. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Here, petitioner has at least one available procedure to raise the coercion argument in state court by filing a motion for relief from judgment pursuant M.C.R. 6.500 *et. seq*. The record reflects that petitioner has not filed his allotted motion for relief from judgment. *See* M.C.R. 6.502(G)(1) ("one and only one motion for relife from judgment may be filed with regard to a conviction").

As a general rule, a habeas petition containing unexhausted claims should be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). However, under 28 U.S.C. § 2254(b)(2), federal courts have the discretion to deny habeas relief on the merits regardless of whether the petitioner has exhausted his state remedies. *See Jones v. Jones*, 163 F.3d 285, 299

(6th Cir. 1998). As the Sixth Circuit explained in *Linger v. Akram*, 23 Fed. Appx. 248 (6th Cir. 2001):

> Because the "exhaustion" requirement is not jurisdictional, and the principles of comity and federalism which undergird that prerequisite are not offended by a federal court's refusal to grant habeas relief against a state by *rejecting* an unexhausted claim on its merits, federal judges possess the discretionary authority to *deny* unexhausted habeas claims on their merits to avert the purposeless future litigation, in the state courts, of substantively ill-conceived contentions.

*Linger*, 23 Fed. Appx. at 253 (emphasis in original).

Petitioner's claim that his plea was coerced or otherwise invalid is without merit. Accordingly, the court will review the merits of this claim to avert purposeless future litigation in the state courts. "A voluntary and intelligent plea made by an accused person, who has been advised by competent counsel, may not be collaterally attacked" in a federal habeas action. *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A valid guilty plea must be made with knowledge of the "relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) ("[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant"). For a defendant's plea of guilty to be voluntary, the defendant must be aware of the maximum sentence imposed. *See King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795-96 (6th Cir. 1991); *Hart v. Marion Correctional Facility*, 927 F.2d 256, 259 (6th Cir. 1991).

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."

7

*Boykin v. Alabama*, 395 U.S. 238, 242 (1969). *See United States v. Broce*, 488 U.S. 563, 570 (1989) (the guilty plea of an accused is more than a confession, "it is an admission that he committed the crime charged against him") (internal quotation marks omitted). When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258 (1973). In other words, he forecloses all subsequent non-jurisdictional appeals to his conviction by pleading guilty. *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000); *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991).

When a state criminal defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary plea by producing a written transcript of the state court proceeding. *See Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact. *Id.* A habeas petitioner "must overcome a heavy burden" to have a federal court overturn these state court findings. *Id.* at 328.

The transcript in this case reflects that petitioner entered a valid plea. Petitioner was read the armed robbery charges contained in Counts 1 and 2, and advised that these were felony offenses with a maximum penalty of "up to life in prison or any term of years." Plea. Trans. at 21-23. Petitioner understood that by entering a plea of guilty he was waiving his right to a trial, his right to remain silent, and the right to call witnesses in his defense. *Id.* at 23-24. Petitioner understood that if his plea was accepted, he was giving up any claim that the plea was the result of

promises or threats not disclosed during the plea hearing, as well as any claim that it was not his choice to plead guilty. *Id.* at 24. Petitioner understood the plea bargain stated on the record and that the court had not entered into any agreements regarding the sentence. *Id.* at 25. Petitioner also acknowledged that no one promised him anything besides the agreement stated on the record. *Id.* Petitioner understood that while the court was not bound by any agreement to sentence petitioner, the court would give him an opportunity to withdraw the guilty plea if the sentence exceeded 15 to 30 years. *Id.* Petitioner stated that no one threatened him to plead guilty, it was his own choice to plead guilty, and that petitioner believed he was guilty of the crimes. *Id.* at 25-26.

Petitioner testified that on May 16, 2002, he went to the Courtyard Marriott Hotel in Lansing Township, and while armed with a handgun stole United States currency and a cell phone from Adam Miller. *Id.* at 26-27. Petitioner further testified that at the same time and place, while armed with a handgun, he stole a Visa card and driver's license from Tracy Bunker. *Id.* at 28. Both the prosecutor and defense counsel were satisfied as to the factual basis for the plea. *Id.* at 26-28. The court found that petitioner's plea was "understanding, voluntary, accurate, factually supported, and free from duress or coercion." *Id.* at 29. Based on this record, the court concludes that petitioner's plea was voluntary and intelligent.

Petitioner also contends that he had difficulty in supplying a factual basis for the crime "as evidenced [by] the tears both the prosecutor and defense watched." Amend. Pet. at p. 6. Petitioner's contention that he was forced to make a decision to stand trial "with a lawyer not of his choosing" or "pleading guilty to a crime to which he wished to offer a defense" is without merit. Amend. Pet. at p. 6. Contrary to petitioner's contention, this case did not involve a lawyer "not of his choosing." Rather, petitioner chose and retained Mr. Mahjoory after his court appointed

9

attorney, Mr. Greydanus, either withdrew or "was fired" by petitioner. Plea Trans. at 7-17. After noting that Mr. Mahjoory had represented petitioner since the preliminary examination and that petitioner had not made any complaint about counsel prior to the date of the trial, the judge concluded it was too late in the proceedings to remove petitioner's counsel and denied his request for a new attorney. *Id.* at 16-17. To the extent that petitioner suggests that the trial court violated his Sixth Amendment right to counsel, this claim was considered and rejected in the court's November 8, 2007 order denying the stay and abeyance. *See* docket no. 22.

Finally, the fact that petitioner was faced with difficult, unattractive or distasteful options does not render his guilty plea involuntary. "[A] guilty plea is not rendered involuntary merely because it was entered to avoid harsh alternatives such as prosecution on additional charges." *United States v. Hussey*, 182 Fed.Appx. 150,152-53 (4th Cir. 2006). Here, petitioner committed nine crimes against six different victims. If convicted of the eight most serious charges (armed robbery, assault with intent to rob while armed and first degree criminal sexual conduct), petitioner could have received eight life sentences. In exchange for petitioner's guilty plea to two counts of armed robbery, the government dismissed seven counts, and entered into a *Killebrew* agreement to reduce the potential life sentences for the armed robbery convictions to concurrent sentences of 15 to 30 years. Given these circumstances, petitioner's decision to plead guilty to two counts of armed robbery with a *Killebrew* agreement to serve a sentence of 15 to 20 years appeared to be a reasonable option and represented "a voluntary and intelligent choice among the alternative courses of action open to [him]." *Hill*, 474 U.S. at 56. Accordingly, petitioner is not entitled to federal habeas relief on this claim.

### IV.     Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated:  November 30, 2009                             /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).